(131 P.3d 1241)

No. 93,940

STATE OF KANSAS, *Appellee*, v. LINDON A. ALLEN, *Appellant*.

Opinion filed
April 7, 2006.

*Cory D. Riddle*, of Kansas Appellate Defender Office, for appellant.

*Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MARQUARDT, P.J., MALONE and BUSER, JJ.

MALONE, J.: Lindon A. Allen pled no contest to one count of aggravated indecent liberties with a child. He appeals his enhanced sentence pursuant to the persistent sex offender statute, K.S.A. 2005 Supp. 21-4704(j). Allen claims the trial court erred by finding his prior juvenile adjudication for aggravated incest constituted a sexually violent crime for the purpose of sentencing him as a persistent sex offender. Allen also claims his enhanced sentence under 21-4704(j) was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001).

On February 20, 2004, Allen was charged with two counts of aggravated indecent liberties with his 4-year-old daughter. In exchange for his no contest plea to Count I, the State agreed to dismiss Count II and recommend the low number in the appropriate sentencing guidelines grid box. The trial court accepted the plea.

Allen's presentence investigation report disclosed a 1987 juvenile adjudication for aggravated incest. Due to the prior adjudication, the State sought to have Allen sentenced as a persistent sex offender. Allen responded by filing a motion challenging his criminal history score. Allen argued that his prior juvenile adjudication for aggravated incest did not qualify as a sexually violent crime for the purpose of sentencing him as a persistent sex offender.

The trial court considered Allen's motion at the sentencing hearing. After hearing arguments from counsel, the trial court found it was clear that Allen's prior juvenile adjudication for aggravated incest could be determined beyond a reasonable doubt to have been sexually motivated. Accordingly, the trial court concluded that Allen qualified for sentencing as a persistent sex offender. Allen

was sentenced to a controlling term of 110 months' imprisonment. He timely appeals his sentence.

Initially, we will summarily address Allen's constitutional argument. Allen asserts K.S.A. 2005 Supp. 21-4704(j) creates a departure scheme in which facts not proved to a jury beyond a reasonable doubt are used to exceed the statutory maximum sentence. Accordingly, Allen claims the statute is unconstitutional under *Apprendi* and *Gould*.

In *State v. Moore*, 274 Kan. 639, 654, 55 P.3d 903 (2002), the Kansas Supreme Court unanimously ruled that a trial court's decision to double an offender's sentence under 21-4704(j) did not violate *Apprendi*. Allen acknowledges the Kansas Supreme Court has already decided this issue adversely to his position, but he contends *Moore* was wrongly decided. However, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). We have no indication the Kansas Supreme Court is departing from its recent decision in *Moore*, and, accordingly, Allen's constitutional argument fails.

We now turn to Allen's argument that the trial court erred by finding his prior juvenile adjudication for aggravated incest constituted a sexually violent crime for the purpose of sentencing him as a persistent sex offender.

We preface our discussion by noting that our analysis of this issue is largely academic in Allen's particular case. Allen received a sentence of 110 months' imprisonment as a persistent sex offender. In computing his presumptive sentence under the sentencing guidelines, Allen's prior juvenile adjudication for aggravated incest was not scored in his criminal history since this offense was used to enhance the sentence. See K.S.A. 21-4710(d)(11). If Allen had not been sentenced as a persistent sex offender, his full criminal history would have been scored, which would have placed Allen into criminal history category D. In this event, Allen's presumptive sentence would have been 89-100 months. Thus, in Allen's particular case, the enhanced sentence he received as a persistent sex offender was not substantially greater than what his presumptive

sentence would have been without the sentence enhancement. Nevertheless, we will address the merits of Allen's argument.

The core issue on appeal is whether Allen was subject to a sentence enhancement under K.S.A. 2005 Supp. 21-4704(j) as a persistent sex offender. Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the trial court's interpretation of a statute. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

"While courts must give effect to legislative intent and the plain language of a statute, courts may not ' "delete vital provisions or supply vital omissions in a statute. No matter what the legislature may have really intended to do, *if it did not in fact do it, under any reasonable interpretation of the language used*, the defect is one which the legislature alone can correct." ' [Citation omitted.]" *State v. Patterson*, 25 Kan. App. 2d 245, 248, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

The legislature is presumed to intend that a statute be construed reasonably so as to avoid absurd or unreasonable results. *State v. Fifer*, 20 Kan. App. 2d 12, 15, 881 P.2d 589, *rev. denied* 256 Kan. 996 (1994). However, if the language of a criminal statutory scheme creates any reasonable doubt as to its meaning, it must be strictly construed in favor of the accused. *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

Allen's sentence for his current conviction was enhanced pursuant to K.S.A. 2005 Supp. 21-4704(j), which provides:

"(1) The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. The sentence for any persistent sex offender whose current conviction carries a presumptive nonprison term shall be presumed imprisonment and shall be double the maximum duration of the presumptive imprisonment term.

"(2) Except as otherwise provided in this subsection, as used in this subsection, 'persistent sex offender' means a person who: (A)(i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (ii) at the time of the conviction under paragraph (A)(i) has at least

one conviction for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto in this state or comparable felony under the laws of another state, the federal government or a foreign government; or (B)(i) has been convicted of rape, K.S.A. 21-3502, and amendments thereto; and (ii) at the time of the conviction under paragraph (B)(i) has at least one conviction for rape in this state or comparable felony under the laws of another state, the federal government or a foreign government.

"(3) Except as provided in paragraph (2)(B), the provisions of this subsection shall not apply to any person whose current convicted crime is a severity level 1 or 2 felony."

Under this provision, a criminal defendant can be sentenced as a persistent sex offender if the defendant's current conviction is for a sexually violent crime and the defendant has at least one prior conviction for a sexually violent crime. Here, there is no question that Allen's current conviction for aggravated indecent liberties with a child qualified as a sexually violent crime. The issue is whether his prior juvenile adjudication for aggravated incest qualified as a sexually violent crime "as defined in K.S.A. 22-3717 and amendments thereto." K.S.A. 2005 Supp. 21-4704(j).

K.S.A. 2005 Supp. 22-3717(d)(2) includes a list of specific offenses which are deemed to be per se sexually violent crimes. However, aggravated incest is not listed as a per se sexually violent crime under this statute. Allen points to K.S.A. 2005 Supp. 22-4902(c), which lists specific offenses which are deemed to be sexually violent crimes under the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.* Aggravated incest is included in this list. Thus, as Allen argues, the legislature knows how to include aggravated incest within the definition of a sexually violent crime when it chooses to do so.

The State argues, and the trial court agreed, that Allen's prior juvenile adjudication for aggravated incest can be deemed a sexually violent crime under K.S.A. 2005 Supp. 22-3717(d)(2)(L), which includes

"any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually motivated. As used in this subparagraph, 'sexually motivated' means that one of the purposes for which the defendant committed the crime was for the purpose of the defendant's sexual gratification."

Under this provision, an offense can be deemed a sexually violent crime if "at the time of sentencing for the offense" it is determined beyond a reasonable doubt to have been sexually motivated. Here, there is nothing in the record which indicates that at the time of Allen's juvenile adjudication or disposition for aggravated incest, the court made any determination beyond a reasonable doubt that the offense was sexually motivated. However, at Allen's sentencing hearing in the present case, the trial court examined the juvenile court complaint which alleged that Allen had committed the offense "with the intent to arouse or to satisfy the sexual desires of either the child or the said respondent or both." Based upon the prior complaint, the trial court found it was clear that Allen's juvenile adjudication for aggravated incest could be determined beyond a reasonable doubt to have been sexually motivated. Therefore, the trial court concluded that the juvenile adjudication met the definition of a sexually violent crime pursuant to 22-3717(d)(2)(L).

Allen argues that 22-3717(d)(2)(L) was not intended to expand the list of specific sex offenses which are deemed to be per se sexually violent crimes under the statute. As persuasive authority, Allen cites this court's unpublished opinion in *State v. Colter*, No. 91,034, filed September 3, 2004. In *Colter*, the issue was whether the defendant's prior conviction for misdemeanor sexual battery qualified as a sexually violent crime so that the defendant could be sentenced for his current conviction as a persistent sex offender. Misdemeanor sexual battery is not listed as a per se sexually violent crime under 22-3717(d)(2). However, the State argued that the offense was obviously sexually motivated and therefore fit within the definition of 22-3717(d)(2)(L). This court rejected that argument with the following analysis:

"[T]he wording of K.S.A. 2003 Supp. 22-3717(d)(2)(L) does not suggest that it was intended to expand the list of per se offenses. If that were the case, the determination of sexual motivation would be made at the time guilt is adjudicated, not at the time of sentencing. The more likely intention of the subsection is to bring within the ambit of sexually violent crimes those offenses which do not necessarily involve sexually motivated acts. For instance, a burglar whose specific intent is to steal has not committed sexually motivated acts, whereas a burglar who enters a dwelling intending to rape the occupant is amenable to a sexually

motivated determination. This interpretation is bolstered by the maxim, *expressio unius est exclusio alterius*, by which we presume that the legislature's express listing of crimes that are designated per se sexually violent crimes manifests an intent to exclude other, unlisted sex crimes from the definition of a per se sexually violent crime. [Citation omitted.]" *Colter*, slip op. at 8.

We agree with this court's reasoning in *Colter*. K.S.A. 2005 Supp. 22-3717(d)(2)(L) is not a "catch-all" provision, as argued by the State, to encompass any offense of a sexual nature within the meaning of a sexually violent crime for the purpose of sentencing persistent sex offenders. Instead, the provision was intended to bring within the ambit of sexually violent crimes those offenses which are not necessarily sexual in nature, but have been determined beyond a reasonable doubt at the time of sentencing as sexually motivated under the facts. In any case, the court must make the determination that the act was sexually motivated "at the time of sentencing for the offense" in order for the act to fit within the definition of a sexually violent crime under 22-3717(d)(2)(L).

*Patterson* illustrates how an identical provision under the Kansas Offender Registration Act has been interpreted. In *Patterson*, the defendant pled guilty to residential burglary and theft. The evidence presented to the trial court indicated the defendant had taken women's underwear in the burglary which the defendant kept in a locked cabinet containing pornographic materials. At sentencing, the trial court noted the burglary carried a "sexual connotation," found the burglary was sexually motivated, and ordered the defendant to register as a sex offender. 25 Kan. App. 2d at 246-47.

On appeal, the court construed the language of K.S.A. 22-4902(b)(12) (now located at 22-4902[c][14]) which is identical to K.S.A. 2005 Supp. 22-3717(d)(2)(L). The court reasoned that because the defendant's burglary conviction was determined beyond a reasonable doubt at sentencing to be sexually motivated, the burglary conviction constituted a sexually violent crime for purposes of the registration act. 25 Kan. App. 2d at 251; see also *Moore*, 274 Kan. at 650-51 (court determined at sentencing that the defendant's current conviction of kidnapping was sexually motivated, thus

fitting the definition of a sexually violent crime under 22-3717[d][2][L]).

The State claims the Kansas Supreme Court "has already addressed a very similar issue" in *State v. Wilkinson*, 269 Kan. 603, 9 P.3d 1 (2000). In *Wilkinson*, the defendant pled guilty to two counts of incest, and on appeal he attacked the constitutionality of the sex offender registration requirements under K.S.A. 22-4901 *et seq.* on due process grounds. In referring to the defendant's conviction, the court stated, without any analysis, that "Wilkinson's crime of incest is not one of the crimes enumerated by name in K.S.A. 22-4902, but it is deemed a sexually violent crime under K.S.A. 22-4902(a) and (b)(12) because it was found beyond a reasonable doubt to have been sexually motivated." 269 Kan. at 606. According to the State, this language from *Wilkinson* supports its contention that Allen's prior juvenile adjudication for aggravated incest should also be interpreted as sexually motivated, thereby qualifying as a sexually violent crime for the purpose of sentencing Allen as a persistent sex offender.

*Wilkinson* is distinguishable because it involved the sex offender registration requirements under K.S.A. 22-4901 *et seq.*, and at the time of sentencing the court found the defendant's *current* conviction for incest to be sexually motivated. Allen's case is complicated by the fact that the trial court found his *prior* juvenile adjudication for aggravated incest to be sexually motivated for the purpose of sentencing Allen as a persistent sex offender. However, this finding had not been expressly made by the court "at the time of sentencing for the offense" as required by 22-3717(d)(2)(L). Had Allen's current conviction been for aggravated incest, the trial court could have readily applied 22-3717(d)(2)(L) to determine at sentencing that the act was sexually motivated. However, the trial court erred by attempting to apply the same provision to determine that Allen's 1987 juvenile adjudication for aggravated incest was sexually motivated.

The elements of aggravated incest as set forth in Allen's juvenile court complaint do not necessarily equate with the definition of a sexually motivated crime under 22-3717(d)(2)(L). The juvenile court complaint alleged that Allen had committed aggravated in-

cest "with the intent to arouse or to satisfy the sexual desires of either the child *or* the said respondent *or* both." (Emphasis added.) Under 22-3717(d)(2)(L), " 'sexually motivated' means that one of the purposes for which the defendant committed the crime was for the purpose of the *defendant's* sexual gratification." (Emphasis added.) Arguably, Allen's juvenile adjudication could have been based on a specific intent to arouse or to satisfy the sexual desires of another without having personal gratification as a purpose. As this court acknowledged in *Colter*, "a scenario involving a nonconsensual touching motivated solely by altruism is difficult to perceive." *Colter*, slip op. at 8. Nevertheless, this analysis illustrates the due process considerations at play when a court many years later attempts to label a crime sexually motivated without having before it the facts of the case as a judge would have at the time of sentencing for the offense.

In summary, aggravated incest is not listed as a per se sexually violent crime under 22-3717(d)(2). Also, Allen's juvenile adjudication for aggravated incest was not determined beyond a reasonable doubt to have been sexually motivated "at the time of sentencing for the offense" as required by 22-3717(d)(2)(L). Accordingly, we conclude the trial court erred by finding Allen's prior juvenile adjudication for aggravated incest constituted a sexually violent crime for the purpose of sentencing him as a persistent sex offender.

Few people would disagree that the crime of aggravated incest is sexually motivated. However, this does not lead to the conclusion that Allen's prior adjudication for aggravated incest qualified as a sexually violent crime under K.S.A. 2005 Supp. 22-3717(d)(2)(L). Such an interpretation renders the remaining statutory language meaningless and unnecessary. The legislature has had the opportunity to define aggravated incest as a sexually violent crime under 22-3717, just as it has done under the Kansas Offender Registration Act, but the legislature has failed to do so. In fact, we note that in 1997 the legislature specifically amended 22-4902 to include aggravated incest within the definition of a sexually violent crime for the purpose of the registration requirements, but the legislature did not similarly amend 22-3717 to include aggravated incest as a

sexually violent crime for the purpose of sentencing persistent sex offenders. Perhaps the legislature intended this distinction, or perhaps it was merely an oversight. Nevertheless, this ambiguity must be construed in Allen's favor. Allen's sentence as a persistent sex offender must be reversed and the case remanded for resentencing without the application of the sentence enhancement in K.S.A. 2005 Supp. 21-4704(j).

Reversed and remanded with directions.

MARQUARDT, J.: I respectfully dissent from the majority opinion.

Allen contends that the omission of aggravated incest from the specifically enumerated offenses found at K.S.A. 2005 Supp. 22-3717(d)(A-I) shows that the legislature never intended for aggravated incest to be used to categorize someone as a persistent sex offender.

Interpretation of a statute is a question of law, and an appellate court's review is unlimited. Also, an appellate court is not bound by the trial court's interpretation of a statute. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

Allen is correct that generally, the legislature's inclusion of one thing implies the exclusion of the other. We can often presume that when the legislature expressly included a specific term, it intended to exclude any items not expressly included in the specific list. See *In re Tax Application of Lietz Constr. Co.*, 273 Kan. 890, 911, 47 P.3d 1275 (2002). However, we do not believe that maxim can be read as overriding common sense, as it is equally true that statutes should not be construed to give unreasonable results. See *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002).

K.S.A. 21-3503 defines indecent liberties with a child, specifically mentioning lewd touching. That same statute is referenced in K.S.A. 21-3603, aggravated incest. Aggravated incest covers the same acts as those which comprise indecent liberties, with the added element of a biological, step, or adoptive family relationship. See K.S.A. 21-3603(a)(2)(B). Indecent liberties with a child is defined as a sexually violent crime in K.S.A. 2005 Supp. 22-3717(d)(2)(B).

Under the majority's interpretation of the statute, a defendant could commit exactly the same lewd touching with two different victims, but not be deemed a persistent sex offender, as long as he or she was related to the victim through blood, family, or adoption. This analysis would effectively lead to a lesser punishment for certain acts which the legislature clearly intended to punish, based only on family status. In *State v. Wilkinson,* 269 Kan 603, 606, 9 P.3d 1 (2000), the Kansas Supreme Court stated:

"Wilkinson's crime of incest is not one of the crimes enumerated by name in K.S.A. 22-4902, but it is deemed a sexually violent crime under K.S.A. 22-4902(a) and (b)(12) because it was found beyond a reasonable doubt to have been sexually motivated."

K.S.A. 2005 Supp. 22-3717(d)(2)(L) allows a trial court to sentence a person as a persistent sex offender if it has been determined at sentencing that the prior offense was proven beyond a reasonable doubt to be sexually motivated; that is, that the crime was done for purposes of the defendant's sexual gratification. At the plea hearing, Allen admitted that his actions in this case were done with the intent to arouse. At sentencing, the judge stated:

"I will find on the basis of the Complaint that has now been admitted, the evidence on 87 JV 265, Mr. Lindon Allen Austin was charged with aggravated incest, but specifically charged in that case with engaging in lewd fondling or touching of a person, of the victim, I will refer to as YAA, a person under the age of 18 and who was known to the said respondent to be related to the said respondent as a sister, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the said respondent or both.

"I think that language clearly falls under the 22-3717(d)(2)(L) exception, which is, Any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually motivated. On that basis, I will reverse my earlier ruling and I will deny the motion for the challenge to criminal history. I do find that section that I just cited, that aggravated incest as adjudicated in juvenile court does comprise a sexually violent crime under K.S.A. 22-3217, and as such, the persistent sexual offender status relied upon in the PSI is appropriate.

"Anything either side would like to make for the record for appellate purposes on this issue?

"[Allen's counsel]: Not as far as the challenge."

The majority suggest that when Allen was sentenced in 1987, the sentencing court had to make the determination that the act

was sexually motivated in order for it to fit the definition of a sexually violent crime under K.S.A. 22-3717(d)(2)(L). Such an analysis would mean that any adjudications for aggravated incest could not be considered a part of the criminal record if the sentencing court did not make a finding on the record that the act was sexually motivated. This would lead to an absurd reading of the statute.

The trial court ruled that beyond a reasonable doubt Allen's prior crime was sexually motivated. Allen was properly sentenced as a persistent sex offender; therefore, the trial court should be affirmed.