No. 93,940

STATE OF KANSAS, *Appellee*, v. LINDON AUSTIN ALLEN, *Appellant*.

(153 P.3d 488)

Opinion filed March 16, 2007.

*Matthew J. Edge*, of Kansas Appellate Defender Office, argued the cause, and *Cory D. Riddle*, of the same office, was on the brief for appellant.

*Jeffrey E. Evans*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Lindon Allen was convicted of indecent liberties with a child and sentenced as a "persistent sex offender" to double the maximum duration of the presumptive term of imprisonment for his offense under the provisions of K.S.A. 2004 Supp. 21-4704(j)(1). The trial court was able to classify Allen as a "persistent sex offender" based upon its finding beyond a reasonable doubt that Allen's 1987 juvenile adjudication for aggravated incest was sexually motivated under K.S.A. 2004 Supp. 22-3717(d)(2)(L). The Court of Appeals reversed his enhanced sentence based upon its interpretation of the sentencing statutes involved and summarily rejected Allen's claim that his sentence violated the Constitution under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). *State v. Allen*, 35 Kan. App. 2d 466, 131

P.3d 1241 (2006). We granted both the State's and Allen's petitions for review, and we affirm the Court of Appeals decision, although for different reasons, and remand for a new sentence.

FACTS

On July 6, 2004, defendant Lindon A. Allen pled no contest to and was convicted of one count of aggravated indecent liberties with a child. According to the plea agreement, the State agreed, in exchange for Allen's plea, to dismiss the second count against Allen in its complaint, to recommend the low number from the applicable Kansas Sentencing Guidelines grid box, and to follow the statutory presumption. Allen was free to argue for an alternative disposition. The trial court accepted Allen's plea.

The presentence investigation report (PSI report) revealed that Allen had a juvenile adjudication of aggravated incest in 1987. As a result of this adjudication, the PSI report labeled Allen a "persistent sex offender" under K.S.A. 2004 Supp. 21-4704(j), which authorized the trial court to double the maximum duration of the presumptive imprisonment term. Allen was assigned a criminal history category score of "I."

Prior to sentencing, Allen filed a notice of his intent to challenge the criminal history score of "I" and moved for a downward durational and/or dispositional departure. In both of these filings, Allen asserted that aggravated incest was not a "sexually violent crime" under K.S.A. 2004 Supp. 22-3717(d)(2) and that he therefore could not be sentenced as a persistent sex offender under K.S.A. 2004 Supp. 21-4704(j).

The trial court heard arguments on Allen's motions at sentencing. The State acknowledged that aggravated incest was not listed as a per se "sexually violent crime" as enumerated in K.S.A. 2004 Supp. 22-3717(d)(2)(A) through (I) but argued that it was comparable to the per se sexually violent crimes under K.S.A. 2004 Supp. 22-3717(d)(2)(J). According to the State, the trial court could determine beyond a reasonable doubt that Allen's adjudication for aggravated incest was sexually motivated under K.S.A. 2004 Supp. 22-3717(d)(2)(L), thereby making aggravated incest a sexually violent crime and allowing the trial court to sentence Allen as a

"persistent sexual offender." The trial court ultimately held that Allen's prior adjudication qualified as a "sexually violent crime" under K.S.A. 2004 Supp. 22-3717(d)(2)(L) and doubled Allen's sentence pursuant to K.S.A. 2004 Supp. 21-4704(j)(1), imposing a presumptive prison term of 122 months but granting Allen a downward departure for a controlling term of 110 months.

## Court of Appeals

The basis of the Court of Appeals majority opinion's reversal was its interpretation of the provisions of K.S.A. 2004 Supp. 22-3717(d)(2)(L). It concluded that subsection (L) was not a "catchall" phrase intended to expand the list of per se sexually violent crimes, but instead "was intended to bring within the ambit of sexually violent crimes those offenses which are not necessarily sexual in nature, but have been determined beyond a reasonable doubt at the time of sentencing as sexually motivated under the facts." *Allen*, 35 Kan. App. 2d at 472. The court explained that "[i]n any case, the court must make the determination that the act was sexually motivated 'at the time of sentencing for the offense' in order for the act to fit within the definition of a sexually violent crime under 22-3717(d)(2)(L)." 35 Kan. App. 2d at 472.

The Court of Appeals also summarily rejected Allen's argument that the enhanced sentencing scheme under K.S.A. 2004 Supp. 21-4704(j) violated his constitutional rights to due process under *Apprendi* and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001).

## Discussion and Analysis

The dispositive issue in this case involves the constitutionality of Allen's sentence under *Apprendi* and *Gould*. The constitutionality of a statute is a question of law over which this court has unlimited review. *State v. Moore*, 274 Kan. 639, 652, 55 P.3d 903 (2002).

We note that the relevant provisions of K.S.A. 2004 Supp. 22-3717(d)(2)(L) have been deleted by the legislature, effective July 1, 2006. See L. 2006, ch. 212, sec. 19. We also note that the legislature has included aggravated incest as a sexually violent crime under K.S.A. 2006 Supp. 22-3717(d)(2)(J) (see L. 2006, ch. 212, sec. 19), thereby eliminating the recurrence of the problem pre-

sented in this case. We therefore address only the issue requiring us to vacate Allen's sentence and remand for sentencing before the district court.

### *Apprendi* **and** *Gould*

Allen was sentenced for the charged offense of indecent liberties with a child, which is by law defined as a "sexually violent crime." See K.S.A. 2004 Supp. 22-3717(d)(2)(B). At the time of his sentence, Allen had been previously adjudicated a juvenile offender because of aggravated incest, an offense that was not defined as a sexually violent crime. See K.S.A. 2004 Supp. 22-3717(d)(2)(A) through (I).

The provisions of K.S.A. 2004 Supp. 21-4704(j) authorize the imposition of double the maximum duration of the presumptive term of imprisonment for a "persistent sex offender," which is defined in K.S.A. 2004 Supp. 21-4704(j)(2) as:

"Except as otherwise provided in this subsection, as used in this subsection, 'persistent sex offender' means a person who: (A)(i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (ii) at the time of the conviction under paragraph (A)(i) has at least one conviction for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto in this state or comparable felony under the laws of another state, the federal government or a foreign government . . . ."

Considering Allen's prior adjudication for aggravated incest and recognizing that aggravated incest was not a crime defined as a "sexually violent crime" in K.S.A. 2004 Supp. 22-3717(d)(2), (A) through (I), the trial court focused upon the provisions of K.S.A. 2004 Supp. 22-3717(d)(2)(L), which further provided a "sexually violent crime" to mean:

"any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually motivated. As used in this subparagraph, 'sexually motivated' means that one of the purposes for which the defendant committed the crime was for the purpose of the defendant's sexual gratification."

The trial court made a determination beyond a reasonable doubt that Allen's juvenile adjudication in 1987 of aggravated incest was sexually motivated, thereby satisfying the provisions of K.S.A. 2004

Supp. 21-4704(j)(2) and allowing the trial court to sentence Allen as a "persistent sex offender." That is, according to subsection (j)(2)(A)(i), Allen was a person who had been convicted of indecent liberties with a child, defined in K.S.A. 2004 Supp. 22-3717(d)(2)(B) as a "sexually violent crime"; and under subsection (j)(2)(A)(ii), at the time of the above conviction Allen had at least one previous conviction for a "sexually violent crime" as defined in K.S.A. 2004 Supp. 22-3717 in this state, *viz.*, a juvenile adjudication of aggravated incest in 1987.

Critical to Allen's sentence as a "persistent sex offender" was the determination beyond a reasonable doubt that his 1987 juvenile adjudication of aggravated incest was sexually motivated under K.S.A. 2004 Supp. 22-3717 (d)(2)(L). This finding of fact by the trial court exposed Allen to a greater punishment than would have been authorized based upon his conviction of indecent liberties with a child. The sentence imposed is therefore constitutionally impermissible.

*Apprendi* explains that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. "[T]he relevant inquiry [to determine the constitutionality of a sentencing scheme] is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" 530 U.S. at 494.

This court considered the scope of the *Apprendi* decision in *State v. Gould*, 271 Kan. 394. We reviewed the constitutionality of K.S.A. 2000 Supp. 21-4716, which allowed for upward durational sentencing departures if certain aggravating factors were found by the sentencing judge. 271 Kan. at 410-11. Examining the facts, the *Gould* court found that "Gould's jury verdict 'authorized' a sentence of 31 to 34 months for each child abuse conviction. By imposing two 68-month sentences, the district court went beyond the maximum sentence in the applicable grid box and exposed Gould to punishment greater than that authorized by the jury's verdict." 271 Kan. at 410-11. We held that, under the Sixth and Fourteenth Amendments of the United States Constitution, a "judge may not

impose a more severe sentence than the maximum sentence authorized by the facts found by the jury." 271 Kan. 394, Syl. ¶¶ 2, 4. Thus, the sentencing scheme in K.S.A. 2000 Supp. 21-4716 was held unconstitutional on its face. 271 Kan. at 413.

It should be noted that while Gould's convictions were found by a jury and Allen's present case involves pleas of no contest (in both the current conviction and the prior juvenile adjudication), these facts alone do not change the analysis under *Apprendi*. See *Blakely v. Washington*, 542 U.S. 296, 299-301, 159 L. Ed. 2d 403, 124 S. Ct. 2531, *reh. denied* 542 U.S. 961 (2004) (applying *Apprendi* analysis to sentence enhancement ordered by a sentencing judge who found additional facts not admitted to in a guilty plea); *State v. Cody*, 272 Kan. 564, Syl. ¶ 1, 35 P.3d 800 (2001) (holding that under *Apprendi*, a plea of guilty does not waive a defendant's due process rights). In both cases, the question to be answered is whether a statute requires a court to impose a more severe sentence on the basis of a fact or facts in addition to those pled or found by a jury.

The provisions of K.S.A. 2004 Supp. 22-3717(d)(2)(L), which allowed the trial court to double Allen's sentence required that the court make an additional finding beyond a reasonable doubt that his juvenile adjudication was sexually motivated. The doubling of Allen's sentence under K.S.A. 2004 Supp. 21-4704(j)(1) was based upon a finding made by the trial judge without benefit of a jury determination or a determination made as a part of his juvenile adjudication. Allen's plea to indecent liberties carried a presumptive sentence of 55 to 61 months. See K.S.A. 21-3504; K.S.A. 2004 Supp. 21-4704(a). The trial court's finding that Allen's prior adjudication of aggravated incest was sexually motivated authorized the doubling of his sentence for aggravated indecent liberties. *Apprendi* and *Gould* render unconstitutional a sentence enhancement ordered by a sentencing judge who found additional facts not admitted to in a guilty plea.

The Court of Appeals rejected Allen's contention that his sentence was unconstitutional based upon our decision in *State v. Moore*, 274 Kan. 639. In *Moore*, we upheld the constitutionality of the trial court's decision to double an offender's sentence as a per-

sistent sex offender pursuant to K.S.A. 1997 Supp. 21-4704(j). 274 Kan. at 651-54. "[T]he Court of Appeals is duty bound to follow Kansas Supreme Court precedent." *Allen*, 35 Kan. App. 2d at 468.

However, *Moore* involved a present crime that was defined as a sexually violent crime and a past crime that was also defined as a sexually violent crime under K.S.A. 1997 Supp. 22-3717. No finding by a trial judge was needed to apply the provisions for doubling his sentence under K.S.A. 1997 Supp. 21-4704(j)(1). Moore was convicted of aggravated indecent liberties with a child, and he had prior convictions of sexual exploitation of a child and indecent liberties with a child. 274 Kan. at 653-54. All of these crimes were (and continue to be) listed as per se sexually violent crimes under K.S.A. 1997 Supp. 22-3717(d)(2). See K.S.A. 2006 Supp. 22-3717(d)(2)(B),(C), and (H). Thus, this court found that under the prior conviction exception to *Apprendi*, the doubling of Moore's sentence was constitutional in that he had been convicted of all of the crimes in question, and the legislature had statutorily defined each of these as a sexually violent crime. 274 Kan. at 653-54. As the *Moore* court explained,

"[h]ere, Moore was convicted of aggravated indecent liberties with a child, by definition a sexually violent crime. See K.S.A. 1997 Supp. 22-3717(d)(2)(C). Further, Moore was previously convicted of sexual exploitation of a child and indecent liberties with a child, also defined by statute as sexually violent crimes. See K.S.A. 1997 Supp. 22-3717(d)(2)(B) and (H). *The district court was not required to make factual findings beyond the existence of these convictions because all the crimes were defined by the legislature as sexually violent crimes.*" (Emphasis added.) *Moore*, 274 Kan. at 653-54.

In coming to this conclusion, this court relied on its previous opinion in *State v. Anthony*, 273 Kan. 726, 45 P.3d 852 (2002), where the court upheld the constitutionality of the sentencing court's imposition of an extended postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(ii), since Anthony committed a sexually violent crime. In that case, Anthony had been convicted of aggravated indecent liberties with a child—a per se sexually violent crime under section 22-3717(d)(2)(C). While the *Anthony* court recognized that "[p]ostrelease supervision is a component of the underlying prison sentence," the court found that

Anthony's enhanced sentence did not violate the Constitution, because aggravated indecent liberties is "by definition a sexually violent crime." 273 Kan. at 728-29. The court explained:

"The question becomes whether the increased postrelease period runs afoul of the protections outlined in *Apprendi* and *Gould*. We conclude that it does not. Here, the district court simply used the fact that Anthony was convicted of aggravated indecent liberties, by definition a sexually violent crime, to impose an extended postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i). *In doing so, the court was not required to make an additional finding of fact beyond that made by the jury.* Because the fact relied upon to extend the period of postrelease supervision was found by a jury beyond a reasonable doubt, the 60-month postrelease period imposed does not violate *Apprendi* or *Gould*." (Emphasis added.) *Anthony*, 273 Kan. at 729.

Aggravated indecent liberties with a child, Allen's current conviction, carries a statutory maximum sentence of 61 months; the trial court in this case doubled that sentence to 122 months pursuant to its finding that Allen was a persistent sex offender, then granted a downward departure, finally sentencing Allen to 110 months' imprisonment. In order to conclude that Allen was a persistent sex offender, the trial court had to make a determination beyond a reasonable doubt that Allen's 1987 aggravated incest adjudication was sexually motivated. Under *Apprendi* and *Gould*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U. S. at 490.

Sentence vacated and case remanded for imposition of sentence.

JOHNSON, J., not participating.

BRAZIL, S.J., assigned.