(174 P.3d 895)
No. 95,564
No. 95,664

STATE OF KANSAS, *Appellee/Cross-appellant*, v. KENNETH E. LOWDEN, *Appellant/Cross-appellee*.

Opinion filed January 11, 2008.

*Carl F.A. Maughan,* of Maughan Hitchcock Intagliata LC, of Wichita, for appellant/cross-appellee.

*Matthew J. Edge,* of Kansas Appellate Defender Office, for appellant/cross-appellee.

*Lesley A. Isherwood,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Phill Kline,* attorney general, for appellee/cross-appellant.

Before CAPLINGER, P.J., MCANANY, J., and BRAZIL, S.J.

MCANANY, J.: In May 2004, 13-year-old V.D. was walking home from school with her friends L.H. and R.C. A man driving an ice cream truck stopped and offered them ice cream. The truck was decorated with white and black markings similar to those on a cow. The man offered the children free ice cream if V.D. would expose her breasts. V.D. declined. The children later provided a description of the ice cream truck driver that fit Kenneth E. Lowden.

On another occasion V.D.'s younger sister, C.D., was walking home when a man similarly described and driving the same kind of ice cream truck made the same proposition. Later that month, J.S., age 13, was propositioned in the same manner by a similarly described man driving the same kind of ice cream truck. J.S.'s father contacted the owner of the ice cream truck company who identified Lowden as the driver.

Lowden denied any involvement and claimed that another driver fit the children's description. The children were shown a photo lineup that included pictures of both Lowden and the other driver.

J.S. was unable to identify the perpetrator; but V.D., C.D., and L.H. each identified Lowden.

Lowden did not testify at trial but argued mistaken identity. He was convicted of two counts and acquitted on a third count of aggravated indecent solicitation of a child in violation of K.S.A. 21-3511(a). Aggravated indecent solicitation of a child is a sexually violent crime. K.S.A. 22-3717(d)(2)(G). Based on Lowden's prior conviction in 1970 for solicitation of a minor, the court classified Lowden as a persistent sex offender and imposed a 76-month sentence for the base conviction of aggravated indecent solicitation of a child and a concurrent 38-month sentence for his second conviction.

Both Lowden and the State appeal.

### Lesser Included Offense

Lowden argues that the district court violated his right to due process by failing to instruct the jury on the lesser included offense of indecent solicitation of a child. Lowden failed to request such an instruction. Thus, we use the clearly erroneous standard, but only if we first determine there was error in not so instructing the jury. See *State v. Simmons*, 282 Kan. 728, 741, 148 P.3d 525 (2006).

The sole difference in the relevant portions of the statutes for indecent solicitation of a child and aggravated indecent solicitation of a child is the age of the victim. The ages of Lowden's victims were not disputed. Indecent solicitation of a child is not a lesser included offense of aggravated indecent solicitation of a child when the age of the child is not in dispute. See *State v. Gregg*, 226 Kan. 481, 484, 602 P.2d 85 (1979). Thus, the jury had the options of either acquitting Lowden if it believed his defense of mistaken identity, or convicting him of aggravated indecent solicitation of a child as charged. The jury was not entitled to find him guilty of a lesser-included offense.

### Persistent Sex Offender

Next, Lowden claims the sentencing court's use of K.S.A. 2005 Supp. 21-4704(j)(1) to double his guidelines sentences for aggravated indecent solicitation of a child violates his rights under *Ap-*

*prendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Though not raised before the sentencing court, we may properly address this issue for the first time on appeal since it involves a question of law which may affect Lowden's fundamental rights. See *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000).

Lowden was sentenced under K.S.A. 2005 Supp. 21-4704(j)(1) which requires the sentencing court to double the presumptive imprisonment term of a persistent sex offender. K.S.A. 2005 Supp. 21-4704(j)(2) defines a persistent sex offender to include a person convicted in Kansas of a sexually violent crime as defined in K.S.A. 22-3717. K.S.A. 22-3717(d)(2) identifies 11 different criminal offenses as sexually violent crimes, including indecent solicitation of a child (K.S.A. 21-3510), aggravated indecent solicitation of a child (K.S.A. 21-3511), and sexual exploitation of a child (K.S.A. 21-3516).

At sentencing, Lowden's criminal history was found to include a prior felony conviction in 1970 for solicitation of a minor in violation of G.S. 1949, 38-711 (1961 Supp.). In order to constitute a felony, Lowden's 1970 conviction must have involved a child under the age of 15 years, and Lowden must have (1) accosted, enticed, or solicited the child to induce or force the child (a) to commit an immoral act or (b) to submit to an act of sexual intercourse, an act of gross indecency, or any other act of depravity; or (2) Lowden must have suggested to the child any of the foregoing acts.

When we examine the crimes involving children that now constitute sexually violent crimes as defined by K.S.A. 22-3717, we do not find any that makes specific reference to enticing a child to commit "an immoral act" or to submit to an "act of depravity." On the other hand, G.S. 1949, 38-711 (1961 Supp.), under which Lowden was convicted in 1970, criminalizes these activities. Lowden's 1970 conviction was for solicitation of a minor. This begs the question: Solicitation to do what? G.S. 1949, 38-711 (1961 Supp.) criminalized the solicitation of a child for various activities, some of which may not have been sexual in nature. Soliciting a child to engage in an immoral act covers a broad range of possible conduct. Depravity has been defined as a corrupt act or practice or an im-

pairment of virtue and moral principles. To pour gasoline on a sleeping vagrant and set him ablaze, for example, is surely an act of depravity. However, there may be no sexual aspect to so vicious a crime. In using Lowden's prior conviction the sentencing court was required to go beyond the mere fact of this conviction to make the factual finding that this conviction involved sexually motivated conduct.

In our Supreme Court's recent decision in *State v. Allen*, 283 Kan. 372, 153 P.3d 488 (2007), Allen was convicted of aggravated indecent liberties with a child pursuant to K.S.A. 2004 Supp. 22-3717(d)(2)(B). Aggravated indecent liberties with a child is defined as a sexually violent crime. Allen had a prior juvenile adjudication for aggravated incest. One method for characterizing Allen as a persistent sex offender would be to show that Allen's aggravated incest conviction constituted a prior conviction for a sexually violent crime as defined by K.S.A. 22-3717. See K.S.A. 2004 Supp. 21-4704(j)(2). However, at the time of Allen's sentencing aggravated incest was not one of the enumerated sexually violent crimes in K.S.A. 22-3717(d)(2). Since that method of establishing that Allen was a persistent sex offender was unavailable, the sentencing court focused on K.S.A. 2004 Supp. 22-3717(d)(2)(L), which expanded the definition of a sexually violent crime to include "any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually motivated." The sentencing court determined that Allen's crime of aggravated incest must have been sexually motivated, thereby providing a basis for sentencing him as a persistent sex offender.

On appeal, the Supreme Court vacated Allen's sentence, stating:

"In order to conclude that Allen was a persistent sex offender, the trial court had to make a determination beyond a reasonable doubt that Allen's 1987 aggravated incest adjudication was sexually motivated. Under *Apprendi* and *Gould*, 'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' *Apprendi*. 530 U.S. at 490." *Allen*, 283 Kan. at 379.

Aggravated incest, which was at issue in *Allen*, is defined in K.S.A. 21-3603 to include not only engaging in sexual relations with

a person age 16 to 18 who is related to the offender in the manner described in the statute, but also the mere act of marriage with such a person. Thus, Allen's crime could have been the mere act of marriage, which, as evidenced by the practices in some social groups, may not necessarily be sexually motivated. To establish that Allen's prior crime was sexually motivated takes more than a simple showing of his conviction, and that chasm between the fact of conviction and the fact that the crime was sexually motivated can be bridged only by the unanimous finding of a jury, not by the findings of the sentencing judge.

The plain reading of *Apprendi* and *Allen* limits the sentencing court's consideration to the fact of Lowden's prior conviction. That fact alone, his prior conviction for solicitation of a minor, is not enough to establish that he is a persistent sex offender. To establish that Lowden is a persistent sex offender requires a second fact which the sentencing court sought to establish on its own and in a manner contrary to the holding in *Apprendi*. Accordingly, we are required to vacate Lowden's sentence and remand for resentencing consistent with *Apprendi* and *Allen*. This outcome renders moot the issues raised by the State in its cross-appeal. See *State v. Aleman*, 16 Kan. App. 2d 784, 786, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992). Therefore, the cross-appeal is dismissed.

Lowden's convictions are affirmed. His sentences are vacated, and the case is remanded for resentencing. The cross-appeal is dismissed as moot.