No. 98,077

STATE OF KANSAS, *Appellee,* v. CHRISTOPHER MICHAEL CASE,
*Appellant.*
(213 P.3d 429)

Opinion filed August 7, 2009.

*Christina Waugh,* of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellant.

*Daryl E. Hawkins*, assistant county attorney, argued the cause and was on the briefs for the appellee.

The decision of the court was delivered by

Nuss, J.: This case requires us to determine the effect, if any, on the defendant's guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970), when he "stipulate[d] to the factual basis provided by the State." A panel of the Court of Appeals held that Christopher Case stipulated to the facts, which eliminated the requirement that they be proven to a jury beyond a reasonable doubt before they could be used to increase his sentence beyond the prescribed statutory maximum. See *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Because of these stipulated facts, the panel held that the district court was then allowed to find that the crime was sexually motivated. This determination ultimately allowed the district court to increase the length of the postrelease supervision component of Case's sentence from the prescribed 12 months to 60 months. We granted Case's petition for review under K.S.A. 60-2101(b). The State filed no cross-petition.

Case essentially argues that he merely stipulated that the State's facts presented to the court at the plea hearing provided a factual basis for his *Alford* plea. He did not stipulate or agree that they were true, because this type of admission of guilt is contrary to the fundamental nature of an *Alford* plea. Case contends that because he did not admit that his crime was sexually motivated, the district court's finding to this effect was improper and resulted in an increased sentence in violation of *Apprendi*.

We agree with Case.

## FACTS AND PROCEDURAL BACKGROUND

The essential facts are not in dispute. Case was initially charged with one count of aggravated indecent liberties with a child and one count of lewd and lascivious behavior, both allegedly committed against K.A.H. Pursuant to a written plea agreement, these charges were dismissed, and Case entered an *Alford* plea to an amended charge of aggravated endangering of a child in violation of K.S.A. 21-3608a, a severity level 9 person felony. Within his

written plea agreement, he "stipulate[d] to the factual basis provided by the State" for the amended charge. The document also reflected an agreement of both parties to recommend an upward durational departure of 10 months from the grid box's aggravated prison sentence of 17 months, and an express waiver of *Apprendi* rights as to the factual basis for such a departure.

At the plea hearing 4 days later, in presenting its factual basis for the endangerment charge, the State asserted that on two dates in 2006, Case placed K.A.H., who was under the age of 14, in a situation where her life, body, and health could have been injured or endangered, by lewdly fondling and touching her person with the intent to satisfy his sexual desires and by exposing himself to her. Neither Case nor his attorney had any objections or exceptions to the State's factual basis.

At the conclusion of the hearing, Case agreed that he was receiving the benefit of the bargain—a shorter sentence—by entering an *Alford* plea and expressed his wish to proceed. Accordingly, the court accepted Case's plea and found him guilty of the charge.

The sentencing hearing was held approximately 2 months later. Per the plea agreement, the court sentenced Case to a prison term of 27 months. Although K.S.A. 22-3717(d)(1)(C) calls for post-release supervision of 12 months for this level of offense, the court imposed an upward departure to 60 months as authorized by K.S.A. 22-3717(d)(1)(D)(i) for crimes that the court finds are sexually motivated. The court found that Case's crime was sexually motivated, through the stipulated factual basis which included a prosecutorial statement that the "touching was done with the intent to satisfy the sexual desires of the offender." To support a "sexually motivated" determination, K.S.A. 22-3717(d)(2) requires that "one of the purposes for which the defendant committed the crime was for the purpose of the defendant's sexual gratification."

In hearing Case's appeal, the Court of Appeals panel repeatedly emphasized his stipulation to the facts. It held, for example, that he "stipulated to the factual basis for his plea," that he "stipulated to the factual basis presented by the State," and that he "stipulated to the charge's factual basis provided by the State." *State v. Case*, 2008 WL 2425674, at *3 (Kan. App. 2008) (unpublished opinion).

The panel also observed that based upon its examination of the plea hearing transcript, it believed "Case understood his rights to object to the State's factual statement and persisted in his desire to stipulate to the factual basis for his crime, *even in the face of an implicit warning that so stipulating might have adverse consequences for his term of postrelease supervision.*" *Case*, 2008 WL 2425674, at *3. It noted:

"Where a criminal defendant stipulates to a material fact supporting an aspect of his or her sentencing, this is sufficient to waive rights under *Apprendi*. See *Blakely v. Washington*, 542 U.S. 296, 310, 159 L. Ed. 2d 403, 124 S. Ct. 296 (2004) (when a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts, or consents to judicial factfinding)." *Case*, 2008 WL 2425674, at *3.

Accordingly, while the panel acknowledged that the elements of aggravated child endangerment do not automatically establish that the crime was sexually motivated, it held that *"because Case stipulated to the facts* which the trial court relied upon to impose the extended postrelease supervision term, there was no extrajudicial factfinding and *Apprendi* was not violated." (Emphasis added.) *Case*, 2008 WL 2425674, at *3.

More facts will be added as necessary to the analysis.

## ANALYSIS

Issue: *Admitting facts, including the acts of the crime, is directly contrary to the nature of Case's Alford plea.*

The key to analyzing the single issue presented by Case's petition for review requires understanding those pleas which are based upon the Supreme Court's holding in *North Carolina v. Alford*, 400 U.S. 25. An *Alford* plea is a "plea of guilty to the charge without admitting to the commission of the offense." *State v. Johnson*, 255 Kan. 156, 157, 872 P.2d 247 (1994). This can be accomplished in two ways: "without admitting the acts of the crime or even protesting innocence, if the defendant intelligently concludes defendant's interest so requires." *State v. Taylor*, 266 Kan. 967, 979, 975 P.2d 1196 (1999); see *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (The two possible *Alford*-type guilty pleas are when the defendant affirmatively protests his or her innocence or refuses

to admit to acts constituting a crime.) (cited in *State v. Edgar*, 281 Kan. 30, 43, 127 P.3d 986 [2006]).

*Alford* pleas are sometimes confused with pleas of nolo contendere or "no contest." See *Tunning*, 69 F.3d at 110. One commentator has described the latter plea as follows:

"A plea of nolo contendere or 'no contest,' is 'a plea by which *a defendant does not expressly admit his guilt,* but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.' During such pleas a defendant is *agreeing to refrain from contesting, rather than affirmatively voicing his guilt to, the charge or charges.*" (Emphasis added.) Roberts, *The Mythical Divide Between Collateral and Direct Consequences of Criminal Convictions*, 93 Minn. L. Rev. 670, 729-30 (2008).

See also K.S.A. 22-3209(2) ("A plea of *nolo contendere* is a formal declaration that the defendant does not contest the charge.").

At the heart of both the *Alford* and nolo contendere pleas, however, is a common factor: a defendant does not admit the facts upon which his or her guilt for the crime would be based. "The basic premise behind both . . . pleas is that '[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.' " 93 Minn. L. Rev. at 730 (quoting *Alford*, 400 U.S. at 37).

A review of the record evidence in the instant case reveals that all players—Case, his counsel, the prosecutor, and the judge—repeatedly acknowledged that Case was pleading guilty pursuant to *Alford*.

We initially observe that Case, his counsel, and the prosecutor all signed "Defendant's Acknowledgment of Rights and Entry of Plea." As paragraph 2 clearly provides in relevant part, Case was pleading guilty under *Alford*.

"2. Plea negotiations have been conducted, with my consent, through my attorney, and I understand the plea agreement with the County Attorney to be as follows:

"In Case No. 06 Cr 130, Defendant will plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, [27 L. Ed. 2d 162,] 91 S. Ct 160 (1970) to Count I, Aggravated Endangerment of a Child, in violation of K.S.A. 21-3608a, a severity level 9 person felony, as charged in the Amended Complaint/Infor-

mation filed herein. Defendant stipulates to the factual basis provided by the State and acknowledges that the State's evidence is more than sufficient for a jury to find Defendant guilty of the charge beyond a reasonable doubt if this matter proceeded to trial."

Just as the document began with a statement of Case's agreement with the State to plead guilty pursuant to *Alford*, it concludes with his notice to the court of his desire to actually enter that plea:

"WHEREFORE, and for the reasons stated above, I hereby advise this Court that I wish to change my plea from not guilty and enter a *plea of guilty pursuant to* North Carolina v. Alford *to Count I of the Amended Complaint/ Information filed herein.*" (Emphasis added.)

The plea agreement admittedly contains, in one place, the phrase upon which the panel heavily relied—"Defendant stipulates to the factual basis provided by the State." As interpreted by the panel, this phrase serves as Case's virtual admission that he committed the acts of the crime. See K.S.A. 22-3209(1) ("[a] plea of guilty is admission of the truth of the charge and every material fact alleged therein"). Such an interpretation, of course, is directly contrary to the essence of an *Alford* plea: "plead[ing] guilty *without* admitting the acts of the crime." (Emphasis added.) *Taylor*, 266 Kan. at 979; see *Johnson*, 255 Kan. at 157 (*Alford* plea "is a plea of guilty to the charge *without* admitting to the commission of the offense"). Consequently, the plea agreement appears to contain conflicting language, which in turn leads to different interpretations as to the fundamental nature of Case's plea.

We have held that where a plea agreement is reasonably susceptible to different interpretations, it is ambiguous. *State v. Willis*, 244 Kan. 62, Syl. 2, 765 P.2d 1114 (1988). And where a plea agreement is ambiguous, such an agreement must be strictly construed in favor of the defendant. *Willis*, 244 Kan. 62, Syl. ¶ 1; see also *State v. Patton*, 287 Kan. 200, 228, 195 P.3d 753 (2008) ("As the district court suggested in this case, it is not too onerous a burden to require the State to be explicit about the terms it requires in plea agreements."). Accordingly, Case's plea agreement requires that the plea it contains be treated as one pursuant to *Alford*.

As a result, the phrase "Defendant stipulates to the factual basis provided by the State" effectively means that Case acknowledges

what that evidence is but does not admit its truth. When the phrase is read in conjunction with the rest of Paragraph 2, that paragraph effectively means that Case acknowledges that such evidence is sufficient to convict him. Similarly, in *Parson v. Carroll*, 272 Va. 560, 566, 636 S.E.2d 452 (2006), defense counsel told the court that based on his client's *Alford* pleas—where he did not admit the crime—that nevertheless, "[w]e would *stipulate that the evidence as presented* and if believable would have been sufficient." (Emphasis added.)

Despite our construction and treatment of the plea agreement, and the panel's own acknowledgment that Case "entered an *Alford* plea to the charges against him" (*Case*, 2008 WL 2425674, at *3), the panel seems to suggest that statements and occurrences at the plea hearing essentially transformed the *Alford* plea into a pure guilty plea. It held:

"[1] Here, Case stipulated to the factual basis presented by the State, and that factual basis included the allegation that Case's lewd fondling and touching were done 'with the intent to satisfy his sexual desires.' [2] He also acknowledged to the court his understanding that based on sexual motivation for the crime, the court could, indeed, impose an extended postrelease supervision term up to 60 months, and that 'if [he] need[ed] to present evidence in that regard, [he] may do so.' Although somewhat inartful, this acknowledgment came in the context of extensive discussion with the court about the possible upward departure and his right to have a jury determine any aspect of the State's factual statement. From our examination of the entire plea hearing, we believe Case understood his rights to object to the factual statement and persisted in his desire to stipulate to the factual basis for his crime, *even in the face of an implicit warning that so stipulating might have adverse consequences for his term of postrelease supervision.*" *Case*, 2008 WL 2425674, at *3.

Based upon our own review of the plea hearing transcript, we disagree. The transcript discloses that the judge joined the prosecutor, Case, and defense counsel in repeatedly recognizing that Case's guilty plea was "pursuant to *North Carolina v. Alford.*" When Case was asked how he pled, he made it clear: "Your Honor, I plead guilty, pursuant to, uh, *North Carolina v. Alford.*" The judge then ascertained Case's desire to plead guilty pursuant to *Alford* as contained in both Case's written plea agreement and in his plea given at the hearing moments before: "Now, Mr. Case, my

understanding, from reviewing this [Defendant's Acknowledgment of Rights and Entry of Plea], is you're going to enter a plea of guilty, which you've already done, pursuant to *North Carolina v. Alford,* to Count 1."

This ascertainment was made yet again shortly before the court asked for the factual basis for the plea:

"[Court]:     Now, you're entering this plea of guilty, pursuant to *North Carolina v. Alford.*

"[Defendant]:   Yes, Your Honor."

After this reconfirmation, the court then asked the State for the factual basis for the plea. In the prosecutor's reply, he once again confirmed Case was pleading guilty pursuant to *Alford:*

"Your Honor, *if this matter proceeded to trial, the evidence would show* that, um, between May 17th in 2006, and June 21st—May 17th, 2006, and June 21st, 2006, Mr.—uh, Christopher Michael Case was in the, uh, presence of a young lady, who I'm going to refer to as K.A.H., who was under the age of 14 years of age, in fact, uh, she was 9 years old; and that in the course, uh—knowing that he had been convicted, of, uh, sexual offenses out of Saline County, and knowing that he was a registered sex offender, he placed her in a situation where her, uh—the child's life, body, and particularly, her health, could be injured or endangered; that during this period of time there was, in fact, lewd fondling and touching of the child, who was under the age of 14 years of age, and that touching was done with the intent to satisfy the sexual desires of the offender, Christopher Michael Case; that, also, during that time frame there was a, uh, incident where the defendant actually exposed himself to this young child. Um, *that is what the facts would present.* Those, uh, contacts all occurred within Dickinson County, Kansas. Um, and, um, *based upon that, and the plea pursuant to* North Carolina v. Alford, *that is still the factual basis.* But we feel that is sufficient for the amended complaint, to wit; the aggravated endangerment, inasmuch as we had a child's, uh—um, life, body, or health—and, particularly, the health, uh—to be injured or endangered, pursuant to the direct actions of the defendant towards that child." (Emphasis added.)

The prosecution's recitation does not represent that Case "stipulated to" or agreed with the truth of the State's factual basis. Nor does it represent that Case otherwise admitted the acts of the crime or the commission of the offense. See *Taylor,* 266 Kan. at 979; *Johnson,* 255 Kan. at 157. Rather, it merely provides that "if this matter proceeded to trial, the evidence would show" he committed the crime. In short, the prosecutor has simply recited a factual basis

for Case's "plea pursuant to *North Carolina v. Alford*," which the court must be satisfied is sufficient in order to accept the plea. *Cf.* K.S.A. 22-3210(a)(4) ("plea of guilty or nolo contendere may be accepted when . . . the court is satisfied that there is a factual basis for the plea"). See *Alford*, 400 U.S. at 38 n.11 (a criminal defendant does not have an absolute right under the United States Constitution to have his or her guilty plea accepted by the court). Case himself cannot recite the factual basis for the court because to do so would be an admission to committing the crime.

After this factual recitation by the State, the court then asked for comments from Case and his counsel:

| "[Court]: | Exceptions or objections, Mr. Malcolm [Defense Counsel]? |
|---|---|
| "[Defense Counsel]: | None, Your Honor. |
| "[Court]: | Mr. Case, do you have any exceptions or objections to the State of Kansas' factual basis? |
| "[Defendant]: | No, Your Honor." |

The panel's belief that "Case understood his rights to object to the factual statement and persisted in his desire to stipulate to the factual basis for the crime" apparently was based, at least in part, on the above exchange. *Case*, 2008 WL 2425674, at *3. However, having no "exceptions or objections" to the factual basis recited by the State, which itself contained no admissions or stipulations by Case, is entirely consistent with an *Alford* plea. See *Taylor*, 266 Kan. at 979 (an accused may plead guilty without admitting the acts of the crime or even while protesting innocence). Indeed, later Case's counsel was careful to confirm yet again the exact nature of Case's plea. When asked by the court if he knew any reason why Case's plea should not be accepted, counsel replied: "No, I know of no reason why you shouldn't accept his plea of guilty, pursuant to *North Carolina v. Alford*." Based upon the holding in *Alford* and our characterization of the plea agreement, there is absolutely no requirement that Case or his counsel object to the factual statement provided by the State. They need only refrain from admitting to the commission of the offense. See *Johnson*, 255 Kan. at 157.

As mentioned, the panel believed that Case "persisted in his desire to stipulate to the factual basis for his crime, *even in the face*

*of an implicit warning that so stipulating might have adverse con-
sequences for his term of postrelease supervision." Case,* 2008 WL
2425674, at *3. This belief was also apparently based, at least in
part, on the following courtroom exchange immediately before the
State's recitation of the factual basis for the plea:

"[Court]:     . . . I'm going to put you on notice right now—that inasmuch as
              the inclination of this offense is that it is sexually motivated—that
              this court could depart from that—that 12 to 24 months, and you
              could be placed up to 60 months on supervised—or on post-
              release supervision, which would be commonly known to you as
              parole. Do you understand that?
"[Defendant]: Yes, Your Honor.
"[Court]:     You understand, right now it's 12 to 24 months, but I'm putting
              you on notice right now that I am contemplating, so, if you need
              to present evidence in that regard you may do so because we will
              have a hearing in that regard. I'm putting you on notice right now,
              that your postrelease supervision period, that I am contemplating
              on departing and moving upward to 60 months. Do you under-
              stand that?
"[Defendant]: Yes, Your Honor."

The panel again appears to characterize Case's responses as stip-
ulations to the truthfulness of the State's factual basis. They are
not. While Case perhaps should have objected at that time to the
court's proposed action as violative of *Apprendi,* the panel did not
find this failure barred consideration of the issue on appeal. And
just as a defendant who enters an *Alford* plea has no obligation to
object to the State's factual basis, he or she also has no obligation
to accept the court's invitation to put on evidence. Instead, the
defendant is fully justified in simply refusing to admit committing
the offense. *Johnson,* 255 Kan. at 157. In an *Alford* plea, failure or
even refusal to object to the presented facts or to put on evidence
does not equate to an admission of facts and does not empower
the trial court to make findings based upon those purported ad-
missions to increase the sentence beyond the prescribed statutory
maximum.

In short, throughout the 35-page transcript of the plea hearing,
Case's guilty plea was always identified by everyone on the record
as being given pursuant to *Alford,* was accepted by the court as an

*Alford* plea, and was always treated as such by the State, Case, and his counsel.

The Court of Appeals' decision in *State v. McCray*, 32 Kan. App. 2d 673, 87 P.3d 369 *rev. denied* 278 Kan. 850 (2004), contains some parallels. There, defendant appealed the district court's denial of his motion to withdraw his *Alford* plea. He had signed a seven-page "Petition to Enter an Alford Plea and Advice of Rights in Regard Thereto" and a five-page "Agreed Statement of Expected Testimony as Factual Basis for Defendant's Alford Plea." 32 Kan. App. 2d at 675. The *McCray* panel tellingly described the subsequent events, and these documents, as follows:

> "At the plea hearing, the district court . . . accepted McCray's petition to enter the *Alford* plea, as well as *the written stipulated facts supporting the factual basis* for the plea. McCray's counsel specifically agreed that the *written stipulated facts* summarized the evidence the State believed it could produce at trial." (Emphasis added.) 32 Kan. App. 2d at 675.

Despite the panel's characterization of the documents as "written stipulated facts supporting the factual basis for the plea," it did not characterize these documents as containing stipulations establishing the defendant admitted the acts of the crime. In fact, the *McCray* panel suggested the opposite. In rejecting the defendant's argument that the district court was required to discuss the facts in the written statement with him or to make inquiry of him on the record about the statement, the panel stated in relevant part:

> "Here, McCray submitted a detailed 'Agreed Statement' for the purpose of supporting his plea . . . . It seems particularly counterproductive to require discussion with the defendant regarding the factual basis to support an *Alford* plea; *the very nature of such a plea makes it unlikely that the defendant would agree with or accept the factual basis since it would presumably undermine his purported innocence.*" (Emphasis added.) 32 Kan. App. 2d at 678.

In short, despite defendant's "written stipulated facts supporting the factual basis for the plea," he likely would not "agree with" or "accept" that factual basis because to do so would be inconsistent with his *Alford* plea. His purported innocence can be express, through the protestation of innocence, or implied, by simply not admitting the acts of the crime. See *Taylor*, 266 Kan. at 979. *McCray* illustrates that a defendant's *Alford* plea can peacefully

468

coexist with his or her stipulation to the factual basis of the plea—because such a stipulation is not an admission of the truth of those facts.

Potential confusion can be considerably lessened, if not eliminated, by language in the plea documents stating that the defendant merely stipulates that the facts presented by the State are sufficient to prove guilt beyond a reasonable doubt to a jury and therefore provide a sufficient factual basis for the *Alford* plea. The language would also state, however, that the defendant does not stipulate or agree that those presented facts are true.

Although Case entered an *Alford* guilty plea, and not a nolo contendere plea as did the defendant in *State v. Allen*, 283 Kan. 372, 153 P.3d 488 (2007), that case is of additional guidance. There, the court accepted defendant's no contest plea to one count of aggravated indecent liberties with a child, a sexually violent crime. It then found that his 1987 juvenile adjudication of aggravated incest, also pursuant to a no contest plea, was "sexually motivated," making it also a "sexually violent crime" under K.S.A. 2004 Supp. 22-3717(d)(2)(L). 283 Kan. at 375-76. This determination in turn allowed the court to find that Allen was a "persistent sex offender" and to double his sentence pursuant to K.S.A. 2004 Supp. 21-4704(j)(1).

We held the sentencing court's finding that the 1987 juvenile adjudication was sexually motivated constituted judicial factfinding for increasing the penalty of the crime beyond the prescribed statutory maximum and violated *Apprendi*. We concluded that *"Apprendi* and *Gould* render unconstitutional a sentence enhancement ordered by a sentencing judge who found *additional facts not admitted to in a guilty plea."* (Emphasis added.) 283 Kan. at 377. In the instant case, the sentencing judge likewise found an additional fact not admitted to by the defendant. Contrast *Allen* with *State v. Anthony*, 273 Kan. 726, 45 P.3d 852 (2002), where

"the district court simply used the fact that Anthony was convicted of aggravated indecent liberties, by definition a sexually violent crime, to impose an extended postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i). In doing so, the court was not required to make an additional finding of fact beyond that made by the jury. Because the fact relied upon to extend the period of post-

release supervision was found by a jury beyond a reasonable doubt, the 60-month postrelease period imposed does not violate *Apprendi* or *Gould*." 273 Kan. at 729.

The judgment of the Court of Appeals is reversed, the sentence is vacated, and the case is remanded for imposition of sentence.