NOT DESIGNATED FOR PUBLICATION

No. 120,746

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY P. KRAMER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFFMAN, judge. Opinion filed April 17, 2020. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: This is an appeal by Anthony Kramer of the sentencing court's denial of his sentencing departure motion. Finding no abuse of discretion, we find no error and affirm the district court.

In August 2017, Kramer sodomized a six-year-old boy and fondled an infant girl who was less than one year old. Kramer took photos of the acts which included the exposed genitalia of both victims. He distributed some photos to other people. Law

1

enforcement also found several other photos of children engaging in sexually explicit conduct in Kramer's possession. He had a prior 2007 conviction for sexual exploitation of a child.

Kramer entered *Brady/Alford* pleas to three counts of aggravated indecent liberties with a child and four counts of sexual exploitation of a child—at least six of which were off-grid person felonies. Before sentencing, Kramer moved for a downward durational departure. The court denied the motion and sentenced him to life with a minimum of 618 months in prison.

On appeal, Kramer contends he provided substantial and compelling reasons for a departure:

- He was 35 years old;
- his intellectual functioning was in the superior range;
- he was amenable to treatment;
- by entering pleas he had accepted responsibility; and
- a departure by half would still be a significant sentence and promote offender reformation.

He contends the district court abused its discretion by finding a lack of mitigating factors or reasons to depart.

The statutory mandatory minimum term of imprisonment for Kramer's off-grid crimes was 554-618 months. See K.S.A. 2017 Supp. 21-6627(a)(2)(B); K.S.A. 2017 Supp. 21-6804(a). Under K.S.A. 2017 Supp. 21-6627(d)(1), the sentencing judge "shall impose the mandatory minimum term of imprisonment . . . unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." The statute gives a nonexclusive list of mitigating circumstances, none of which are present here. See K.S.A. 2017 Supp. 21-6627(d)(2).

An appellate court will not reverse a sentencing court's denial of a departure under Jessica's Law unless the defendant shows that the court abused its discretion in determining whether mitigating circumstances were substantial and compelling reasons to depart. When the defendant does not contend the sentencing court made an error of law or fact, our standard of review is whether no reasonable person would have agreed with the judge's decision. *State v. Powell*, 308 Kan. 895, 902, 910, 425 P.3d 309 (2018).

Under Jessica's Law, the proper statutory method when considering a departure from a Jessica's Law sentence is for the district court to first review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015).

The statute does not require a sentencing court to explain its reasons for denying a departure. *Powell*, 308 Kan. at 908. Here, the court did explain its reasoning. In denying the departure, the sentencing court found no mitigating factors. The court found that the fact that Kramer had a "superior range of intellectual functioning" was not mitigating. The court noted that when Kramer was convicted of sexual exploitation of a child in 2007, he tried to deflect responsibility and did not recognize the severity of the issue. And during his clinical evaluation for his current offenses, Kramer denied needing treatment and struggled taking responsibility for his crimes; he blamed others for his behavior. The court was concerned that Kramer would repeat his crimes, given his prior conviction. The court noted that Kramer's victims here were very young. The court said, "this is why Jessica's Law was created."

Kramer does not explain how any of his supposed mitigating factors amount to substantial and compelling reasons to depart—he just lists them. It is unclear why he believes his age and intellectual functioning are mitigating at all. As for amenability to

treatment and taking responsibility for his crimes, the sentencing court specifically found after reviewing Kramer's clinical evaluation that he had denied needing treatment and did not take responsibility for his crimes. Nor did Kramer admit the facts of his crimes—he entered *Brady/Alford* pleas. See *State v. Case*, 289 Kan. 457, 460-61, 213 P.3d 429 (2009). Kramer has not met his burden to show an abuse of discretion when we consider the facts here.

Affirmed.