NOT DESIGNATED FOR PUBLICATION

No. 124,650

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW MICHAEL HOWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 2, 2022. Sentence vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Andrew Howell appeals his sentence, claiming the district court erroneously included a juvenile adjudication for reckless criminal threat in its calculation of his criminal-history score. After reviewing the record and the parties' arguments, we agree that Howell's criminal-threat adjudication should not have been considered as part of his criminal history at sentencing. We therefore vacate Howell's sentence and remand the case for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Howell pleaded no contest to one count each of criminal possession of a weapon and fleeing or attempting to elude an officer, charges arising from an incident in October 2020. After the district court accepted Howell's plea, the State prepared a presentence investigation report to aggregate Howell's criminal history and calculate his presumptive sentence. The summary of Howell's criminal history in that report included a 2019 juvenile adjudication for criminal threat—his only person felony. Based in part on this adjudication, the report calculated Howell's criminal-history score as C.

Howell's criminal-threat adjudication resulted from a no-contest plea to "unlawfully threaten[ing] to commit violence, communicated with the intent to place another . . . in fear or in reckless disregard of the risk of causing such fear." A few months after Howell served his sentence for that offense, the Kansas Supreme Court decided *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), *cert denied*, 140 S. Ct. 1956 (2020). That case found the offense of reckless criminal threat under K.S.A. 2018 Supp. 21-5415(a)(1) to be unconstitutional. 310 Kan. 800, Syl. ¶ 3.

Relying on *Boettger*, Howell challenged the report's inclusion of his previous criminal-threat adjudication when calculating his criminal-history score for his sentence in this case. In response, the State submitted the complaint from Howell's juvenile adjudication in an effort to show that Howell's criminal-threat offense had been intentional, not reckless, and therefore should be considered part of his criminal history. The district court denied Howell's challenge, finding the complaint showed Howell had pleaded no contest to committing *both* intentional and reckless criminal threat. Thus, the court found that Howell's previous adjudication should be included in his criminal-history score. The court then followed the plea agreement, imposing an underlying 22-month prison sentence and granting Howell 18 months' probation. Howell appeals.

DISCUSSION

Howell argues that the district court erred in using his criminal-threat adjudication to calculate his criminal-history score. He asserts that the State failed to prove he was convicted of the intentional version of that offense—the only crime that may be considered after *Boettger*—so the district court could not use the adjudication to calculate his criminal-history score. We agree.

As a preliminary matter, we note that appellate courts typically lack jurisdiction to review a sentence that is within the presumptive range under the Kansas Sentencing Guidelines or results from a plea agreement. K.S.A. 2021 Supp. 21-6820(c)(1)-(2). Howell's sentence falls into both categories. But an appellate court may consider a claim that "the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history scoring purposes." K.S.A. 2021 Supp. 21-6820(e)(2). A court can also correct an illegal sentence at any time. K.S.A. 2021 Supp. 22-3504(a). We thus have jurisdiction over Howell's appeal, which raises an issue over which our review is unlimited. See *State v. Roberts*, 314 Kan. 316, 319-20, 498 P.3d 725 (2021).

Under Kansas law, a person's sentence generally results from a combination of the severity of the crime and his or her criminal history. See K.S.A. 2021 Supp. 21-6804(a); K.S.A. 2021 Supp. 21-6805(a). The State has the burden to prove a person's criminal history by a preponderance of the evidence. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). When calculating someone's criminal-history score, the district court may not use a previous juvenile adjudication under a statute that an appellate court has since declared unconstitutional. K.S.A. 2021 Supp. 21-6810(d)(9). The question we must consider is whether the State presented sufficient evidence at sentencing to show that Howell had been adjudicated for making an intentional criminal threat. See *State v.*

*Martinez-Guerrero*, No. 123,447, 2022 WL 68543, at *3 (Kan. App. 2022) (unpublished opinion).

The only evidence offered by the State regarding Howell's criminal-threat adjudication was the complaint charging him with the crime. That complaint shows that Howell pleaded no contest to "unlawfully threaten[ing] to commit violence, communicated with the intent to place another . . . in fear *or* in reckless disregard of the risk of causing such fear; contrary to K.S.A. 2018 Supp. 21-5415(a)(1)(c)(1)." (Emphasis added.) Howell argues that the plain language of the complaint shows he pleaded to intentional "or" reckless criminal threat, while the State asserts this same language shows he pleaded to both versions.

Previous panels of this court have considered this issue and have agreed with Howell's interpretation. In *Martinez-Guerrero*, the defendant also challenged the decision to include a past criminal-threat conviction when calculating his criminal-history score. The conviction at issue resulted from a no-contest plea to "'unlawfully and feloniously commit[ting] a threat to commit violence with the intent of placing [the victim] in fear or with reckless disregard of causing such fear.'" 2022 WL 68543, at *1. At sentencing for the new offense, the State presented this criminal-threat plea, along with a more detailed factual basis that described the circumstances behind the threat. The district court found that this was enough to prove the defendant had committed the intentional version of the crime.

This court reversed on appeal. The panel found that the State had not submitted sufficient evidence to show the defendant had been convicted of intentional criminal threat. 2022 WL 68543, at *6. The panel noted that "[a] factual basis only needed to be established for reckless or intentional criminal threat for the district court to accept [the defendant]'s plea because that was how he was charged." 2022 WL 68543, at *6. So the defendant had not necessarily pleaded to both versions, and "[t]he State still had to prove

4

[the defendant]'s prior criminal threat conviction was for an intentional threat." 2022 WL 68543, at *6. Because the State failed to do so, the panel vacated the sentence and remanded for resentencing. 2022 WL 68543, at *6-7.

The issue arose again recently in *State v. Jackson*, No. 124,271, 2022 WL 1906940 (Kan. App. 2022) (unpublished opinion), *petition for rev. filed* June 8, 2022. There, the defendant had twice pleaded no contest to making a threat "'with the intent to place another in fear or in reckless disregard of the risk of causing such fear.'" 2022 WL 1906940, at *1. Besides the charging documents from these convictions, the State also provided the plea-hearing transcripts, which outlined the factual bases for the charges. The district court decided it could not determine whether the defendant had pleaded to the intentional or reckless versions and thus did not count the convictions in its criminal-history-score calculations. The State appealed. 2022 WL 1906940, at *2.

This court affirmed. Despite noting that the defendant "was charged and [pleaded] no contest to *both* versions of criminal threat in both cases," the court agreed that the charging documents and plea transcripts did not show whether the defendant had committed intentional or reckless criminal threat. (Emphasis added.) 2022 WL 1906940, at *5. The court then discussed *Martinez-Guerrero*, which it found "nearly identical," before concluding that the district court properly excluded the criminal-threat convictions from its criminal-history-score calculations. *Jackson*, 2022 WL 1906940, at *5.

These cases illustrate that regardless of how one interprets this disjunctive plea language, conduct can only constitute—and give rise to a conviction of—either a reckless or an intentional criminal threat. *Jackson*, 2022 WL 1906940, at *5; *Martinez-Guerrero*, 2022 WL 68543, at *6; see also *State v. Garza*, 290 Kan. 1021, 1035-36, 236 P.3d 501 (2010) (defendant can only be convicted of one crime when charged with two in the alternative). While we are not bound by *Martinez-Guerrero* or *Jackson*, we find this reasoning persuasive.

Here, the State presented even sparser evidence at sentencing than in *Martinez-Guerrero* and *Jackson*. The State provided no information about the criminal-threat charge that would allow a court to determine whether the threat was intentional or reckless. Instead, it relied solely on the complaint. But the plain language of the complaint shows that Howell pleaded no contest to making a threat "with the intent to place another . . . in fear *or* in reckless disregard of the risk of causing such fear." (Emphasis added.) In other words, Howell did not contest that he committed *either* a reckless criminal threat *or* an intentional criminal threat. This statement is insufficient to show that Howell's adjudication resulted from intentional conduct.

Recognizing this evidentiary deficiency, the State argues that Howell waived any challenge to how the district court might score his criminal-threat adjudication when he pleaded no contest to that offense. The State also argues that his plea to an alternative-means crime carried a "super-sufficiency" evidentiary requirement, meaning that the fact that the court accepted his plea necessarily means there was sufficient evidence that he committed both versions of the crime. Neither argument is persuasive.

Criminal defendants waive all nonjurisdictional challenges to a conviction, including constitutional defects, when they enter no-contest pleas. *State v. Reu-El*, 306 Kan. 460, 475, 394 P.3d 884 (2017); see K.S.A. 2021 Supp. 22-3602(a). But Howell is not challenging his previous criminal-threat adjudication; he is challenging his current sentence in this case. He does not dispute the existence of his previous criminal-threat adjudication; he only disputes whether the district court could use that adjudication when calculating his criminal-history score. And Kansas law explicitly allows such challenges, with no restrictions against convictions that result from a plea. See K.S.A. 2021 Supp. 21-6810(d)(9); K.S.A. 2021 Supp. 22-3504(a). Howell's past criminal-threat plea did not waive his current sentencing challenge. See *Martinez-Guerrero*, 2022 WL 68543, at *6.

6

We are similarly unpersuaded by the State's efforts to impute an alternative-means finding to the district court's acceptance of Howell's criminal-threat plea. It is true that our caselaw has imposed a "super-sufficiency" requirement when a jury considers an alternative-means crime, meaning the evidence must support each alternative means of committing the offense. This rule protects a criminal defendant's right to jury unanimity. *State v. Brown*, 295 Kan. 181, 188, 284 P.3d 977 (2012). But Howell's criminal-threat adjudication resulted from a plea, not a jury verdict. As *Martinez-Guerrero* noted, a defendant pleading no contest "'is agreeing to refrain from contesting, rather than affirmatively voicing his [or her] guilt to, the charge or charges.'" 2022 WL 68543, at *6 (quoting *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 [2009]).

Even if we agreed with the State that Howell's plea to intentional or reckless criminal threat demanded a factual basis for each version of that offense, that determination would not resolve the question before us. Instead, we come full circle to our initial observation—that the State failed to prove which version of the offense he was ultimately adjudicated of. See *State v. Johnson*, 310 Kan. 835, 843, 450 P.3d 790 (2019) (evidence supported findings of both reckless and intentional criminal threat, but that was not enough to show jury convicted defendant of the intentional offense); *Jackson*, 2022 WL 1906940, at *5 (State failed to prove convictions were for intentional version even though defendant "was charged and pled no contest to both versions").

Thus, the State did not carry its burden of proof at sentencing to show Howell had committed an intentional criminal threat, and the district court should not have included Howell's criminal-threat adjudication in his criminal-history score. We thus vacate Howell's sentence and remand the case for resentencing consistent with this opinion.

Sentence vacated and case remanded with directions.