NOT DESIGNATED FOR PUBLICATION

No. 122,543

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER ROBIN KLEIN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Coffey District Court; TAYLOR J. WINE, judge. Opinion filed April 9, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Christopher Phelan*, former county attorney, *Wade Bowie II*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: Christopher Klein filed a K.S.A. 60-1507 motion several years after he pleaded guilty to rape and aggravated indecent liberties with a child, arguing his trial lawyer provided constitutionally deficient performance. The district court dismissed the motion, finding it was time-barred under K.S.A. 2020 Supp. 60-1507(f)(1) because it was not filed within one year of the completion of his direct appeal. Klein asserts the court should not have ruled on his motion without first holding an evidentiary hearing. Finding no error, we affirm.

1

During a July 2009 police interview, Klein admitted to engaging in various sexual acts with two children, both younger than 14 years old. The State subsequently charged him with an array of sex offenses. Klein sought to suppress his confession, but after a hearing, the district court denied his suppression motion, finding Klein's confession was voluntarily rendered and consistent with his *Miranda* rights.

Less than a week later, Klein and the State reached a plea agreement. The State dismissed most of the charges, and Klein entered *Alford* pleas to one count of rape and one count of aggravated indecent liberties with a child. Accord *State v. Case*, 289 Kan. 457, 460 , 213 P.3d 429 (2009) ("An *Alford* plea is a 'plea of guilty to the charge without admitting to the commission of the offense.'"). Klein moved for a downward durational departure, as each of his convictions carried a presumptive life sentence with no possibility of parole for 25 years. In January 2010, the court granted his departure motion and sentenced him to 247 months' imprisonment and lifetime postrelease supervision.

Klein filed an untimely appeal, but he later dismissed it and informed the court he wished to withdraw his plea. Klein then filed a plea-withdrawal motion, arguing he did not knowingly and voluntarily enter his plea because his trial attorney did not adequately communicate with him or investigate his case. After an evidentiary hearing, the district court found his attorney provided effective assistance and denied the motion. This court affirmed. *State v. Klein*, No. 107,102, 2011 WL 9527166 (Kan. App. 2011) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013).

About two months after the mandate was issued in Klein's plea-withdrawal appeal, Klein filed two motions with the district court: a motion for DNA testing and a motion to correct an illegal sentence. The court denied both motions. Around the same time, Klein also filed a federal petition for habeas relief, asserting multiple instances of ineffective

assistance of counsel. The federal court ultimately dismissed the petition because Klein had not exhausted his state-court remedies. *Klein v. State*, No. 13-3167-SAC, 2014 WL 4129528, at *3 (D. Kan. 2014) (unpublished opinion).

In September 2018, Klein filed the K.S.A. 60-1507 motion now before us. Klein argued that his confession violated *Massiah v. United States*, 377 U.S. 201, 205-06, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964) (incriminating statements deliberately elicited by law enforcement officers in the absence of counsel after charges have been filed violate the Sixth Amendment). Klein also alleged six instances of ineffective assistance by his trial attorney, on topics ranging from his attorney's efforts to investigate and suppress his confession, to researching caselaw, to investigating the facts underlying the charges.

Klein conceded that K.S.A. 60-1507 motions must generally be brought within one year of a finalized conviction, and that his motion was filed eight years after he dismissed his appeal in 2010. See K.S.A. 2020 Supp. 60-1507(f)(2). But he argued this delay should be excused because the failure to consider the merits of his case would give rise to manifest injustice. He argued that he had actively been pursuing relief from his convictions since 2010 (through the plea withdrawal motion, DNA and illegal-sentence motions, and his federal habeas action) even though he had not filed a K.S.A. 60-1507 motion during that time. He also asserted that because he is not a lawyer, he is "simply unable to understand the laws and procedures" necessary to comply with the statute. And he asserted that his attorney during his plea-withdrawal proceedings provided constitutionally deficient representation, hampering his ability to present some claims for habeas relief.

Klein also alleged that the court could consider his untimely motion because he was asserting a claim of actual innocence. To this end, he argued that the confession that led to his eventual pleas was coerced, but his trial attorney counseled against pursuing that line of argument during a trial (or even going to trial) because the confession was too

prejudicial. Klein also asserted that there were "alibi witnesses" who would testify that he was not present when the crimes allegedly occurred, though he did not provide further information regarding who these witnesses were or what testimony they would provide. He further claimed that a witness—again unidentified—would testify that the minors who had reported him had been coached and were not truthful. He argued that no reasonable juror would convict him in light of this information.

The district court appointed counsel for Klein and held a nonevidentiary hearing to discuss the case. After considering Klein's arguments, the district court dismissed the motion. The court found that the motion was untimely because it was not filed within one year of Klein's direct appeal being finalized, and Klein had not shown that this delay resulted from manifest injustice (either in providing a reason for the delay or in stating a colorable claim of actual innocence). The court also found that Klein's claims were successive, as they could have (and many were) raised in Klein's previous motions. Klein now appeals, arguing the court erred when it dismissed his motion without holding an evidentiary hearing on his claims.

DISCUSSION

K.S.A. 2020 Supp. 60-1507(a) provides a collateral vehicle for prisoners to challenge their convictions and sentences. A court may resolve a K.S.A. 60-1507 motion in three ways. First, the court may dismiss or deny the motion if the motion, files, and records from the case conclusively show the prisoner is not entitled to relief. Second, the court may order a preliminary hearing and appoint the prisoner counsel if a potentially substantial issue exists. And third, the court must hold an evidentiary hearing when "the motion and the files and records of the case" do not "conclusively show that the prisoner is entitled to no relief." K.S.A. 2020 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

4

The person seeking relief under K.S.A. 60-1507 bears the burden of showing an evidentiary hearing is necessary to analyze the motion's allegations. *Holt v. State*, 290 Kan. 491, Syl. ¶ 3, 232 P.3d 848 (2010). To carry this burden, he or she must do more than make conclusory statements; the motion must cite to supporting evidence in the record or identify individuals who would provide that evidence. *Swenson v. State*, 284 Kan. 931, Syl. ¶¶ 2-3, 169 P.3d 298 (2007). When a district court dismisses a K.S.A. 60-1507 motion without an evidentiary hearing—as the district court did here—the appellate court is in just as good a position as the district court to consider the motion. Our review of the court's ruling in this case is therefore unlimited. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

In general, motions under K.S.A. 60-1507 must be filed within one year after the completion of a person's direct appeal. K.S.A. 2020 Supp. 60-1507(f)(1). A court may only consider a motion filed outside this period if the person seeking relief demonstrates that consideration is necessary "to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). This exception is a narrow one. K.S.A. 2020 Supp. 60-1507(f)(2)(A) limits the scope of "manifest injustice" under this statute to two considerations: whether the person has provided a compelling explanation why he or she "failed to file the motion within the one-year time limitation" and whether the person "makes a colorable claim of actual innocence." If a person has not shown manifest injustice under either of these considerations, the court must dismiss an untimely motion. K.S.A. 2020 Supp. 60-1507(f)(3).

There is no question that Klein's K.S.A. 60-1507 motion was filed well outside this one-year timeframe. But despite this untimely filing, Klein argues that the district court should have considered the merits of his motion because both aspects of manifest injustice—explanations for the delay and actual innocence—are implicated here. We disagree.

Klein provides three explanations for his untimely filing, arguing that each reason illustrates that manifest injustice compels consideration of his claims. He notes that he is not a lawyer and thus did not comprehend all the procedural requirements of postconviction relief. He indicates that he has sought to prove his innocence since shortly after his sentencing, filing a motion to withdraw his plea, a motion for DNA testing, a motion to correct an illegal sentence, and a federal habeas petition. And he asserts that to the extent any of these previous filings undermined his current claims (observing that the district court found them to be successive), this reality resulted from the ineffective assistance of his attorney during the plea-withdrawal motion.

The fundamental problem with these assertions is that they do not address the one question relevant under K.S.A. 2020 Supp. 60-1504(f)(2)(A)—"why [Klein] failed to file the motion within the one-year time limitation." For example, though Klein asserts that he has diligently pursued his innocence, he does not explain how his perseverance prevented him from filing his motion within the one-year period. In fact, this history undermines his position; several years before filing this motion, he raised multiple ineffective assistance claims in his motion to withdraw his plea—relief he personally informed the court he wished to seek in lieu a direct appeal from his sentence—and in his federal case. His lack of legal training also does not explain the delay; persons challenging their convictions often do not have a legal background, but they still must comply with the law. See *Loggins v. State*, No. 120,703, 2020 WL 398637, at *2 (Kan. App.) (unpublished opinion) (collecting cases holding that a lack of legal background does not give rise to manifest injustice in this context), *rev. denied* 311 Kan. 1046 (2020). Indeed, Klein's actions again bely this assertion; he has filed multiple pro se motions and letters challenging his convictions and sentence since 2010.

Klein's allegations regarding his attorney during the plea-withdrawal proceedings also do not explain why he did not file his current motion, which challenges his trial counsel's representation, within the timeframe required by K.S.A. 2020 Supp.

6

60-1507(f)(1). His attorney's actions during the plea-withdrawal proceedings might be relevant to determine whether the claims in his current motion regarding his trial counsel were previously or adequately addressed during the evidentiary hearing on those matters—a hearing where Klein and his trial counsel both testified. But they do not explain why he did not file a K.S.A. 60-1507 motion within the one-year period required by Kansas law. Klein has not provided an explanation for his delay that rises to the level of manifest injustice, such that it would allow the district court to consider a motion otherwise barred by statute.

Klein also asserts that the court should have reviewed the merits of his claim because he has asserted a colorable claim of actual innocence. Again, when a defendant makes a plausible argument of his or her actual innocence—that is, that new evidence has come to light and that it is more likely than not that no reasonable juror would convict the movant in light of the new evidence—the one-year time limitation does not apply. See K.S.A. 2020 Supp. 60-1507(f)(2)(A); *Beauclair v. State*, 308 Kan. 284, 299-300, 419 P.3d 1180 (2018). Klein offers three evidentiary arguments in this regard. He asserts that "witnesses" would testify that the minors who reported the abuse had been coached, undermining the basis for the initial investigation. He also claims that other "witnesses" would provide an alibi, asserting Klein had been in another county when the underlying crimes occurred. And he argues that the detective's conduct during his interview rendered his confession involuntary and unconvincing, if not inadmissible.

Klein's arguments suffer multiple deficiencies. First, he provides no evidentiary support for his claims. He does not assert who the witnesses are who would testify on his behalf (either with regard to the minors or in describing his alibi) or the details of their testimony. He does not explain his alibi over the course of the months that his sexual misconduct was alleged to have occurred. Second, he does not indicate why any of this information—regarding the alibi, the complaining witnesses, or the interview—is "new." Indeed, he has challenged the voluntariness of his confession on multiple occasions,

7

including at an evidentiary hearing before he decided to enter a plea in this case, based on these same allegations. The only "new" evidence Klein offers is a 2013 letter from his mother stating that the grandfather of one of the children knew the prosecutor and district court judge and was working to convict him, but this letter does not provide evidentiary support for the conclusory allegations he now raises. In short, Klein has not provided new evidence that gives rise to a colorable claim of actual innocence within the meaning of K.S.A. 2020 Supp. 60-1507(f)(2)(A).

Klein did not file his K.S.A. 60-1507 motion within the timeframe required by that statute. And he has not shown that the courts should nevertheless consider his motion to prevent manifest injustice. The district court was therefore required to dismiss the claim under K.S.A. 2020 Supp. 60-1507(f)(3).

Because Klein's K.S.A. 60-1507 motion was not timely filed, we need not consider the district court's conclusion that it was also successive. The district court did not err when it dismissed Klein's motion.

Affirmed.